Case No. 15-5014, Rhea Lana, Inc. and Rhea Lana's Franchise Systems, Inc. Appellants v. Department of Labor Mr. Schwartz for the appellants, Ms. Foster for the appellee May it please the Court, Stephen Schwartz for appellants Rhea Lana and Rhea Lana's The Department of Labor held in its determination letter that Rhea Lana's long-established business model violates the Fair Labor Standards Act. The legal consequence of the letter is to place Rhea Lana in jeopardy of civil monetary penalties if Rhea Lana does not comply. The question is whether the agency can force a Hobson's choice on Rhea Lana without submitting to judicial review. The answer is that Rhea Lana is entitled to its stay in court because the agency's action is final and reviewable. This case is controlled by the Supreme Court's decision in Sackett, where EPA tried to coerce compliance in much the same way. The difference between the compliance order in Sackett and the determination letter here is superficial. I agree, Your Honor, that the compliance order in Sackett described the terms of compliance in a great deal of detail, but that emerged from the fact that in Sackett, Rhea Lana is required to do something as well. They're required to start complying with the Fair Labor Standards Act and to start paying minimum wage and overtime. They are always required, but what the determination letter changes, well, it changes a couple of things. One is it takes the Fair Labor Standards Act and applies it to the particular facts of a particular business. As this Court's case is going all the way back to national automatic laundry hold, when there is an ambiguity about whether a statute or how a statute applies to a particular party's business model in that situation... Does that change rights or obligations? Is that your argument? I'm sorry, Your Honor? That doesn't change rights or obligations. It makes them clearer, but it doesn't change them. Well, Your Honor, the agency can argue that in basically any case. It can always say, well, that was always your obligation. We're going to change it. I'm a little confused about why you're relying on this point. So in Sackett, citing Bennett, the Court says there's two ways. One is the legal obligation, and the other is the legal consequences that flow. That's correct, Your Honor. In Sackett, the legal obligation is the one that Judge Edwards mentioned. I'm just reading. By reason of the order, the Sacketts have a legal obligation to restore their property. They were ordered to restore their property. You don't have that. There's no order, direct order. But you don't need that, because in Sackett, the Court said it was also enough that there were legal consequences. And in that case, the legal consequences were the exposure of the Sacketts to double penalties in a future enforcement proceeding. So why do we need to discuss the question of whether the order, the letter, actually orders you to do something? As long as it has the legal consequences that you've been talking about, namely the risk of willfulness penalties. Your Honor, you're entirely correct that that's the way Bennett works. And our contention has always been that we succeed under both criteria of Bennett. But you're entirely correct, Your Honor, that even if you disagree that there's any order to comply in the determination letter here, at the very least, what the determination letter does is create legal consequences for Riolana. In a future enforcement action, the Department of Labor would need to show either repeatedness or willfulness in order to extract civil monetary penalties. The determination letter plays a crucial role as a legal matter in the Department of Labor's ability to make those showings. That's what I'm wondering about. They've got to prove the alleged first violation and the alleged second violation. So whatever they've done here cannot be seen as a conclusive determination of your wrongdoing. They have to prove that later in the event that it comes up. Your Honor, you're correct. Same thing with willfulness. You're correct, Your Honor, that it's not dispositive, that this determination letter isn't dispositive of, say, overall liability for civil monetary penalties. It's dispositive as to whether or not you're liable. Whether you violated the law in this first instance. It's not dispositive of that, Your Honor. You're correct. What it is dispositive of is notice, because in a future civil monetary penalty enforcement action, remember there are two things. There's repeatedness and there's willfulness. I'll talk about repeatedness first. As to repeatedness, the government would need to show three elements. It would need to show a past violation. It would need to show a present violation or new violation. And it would need to show notice in between. Even if the government succeeded in persuading an ALJ and the court that there was a violation, if the government, if the DOL had not sent this determination letter, it would have been unable to satisfy that third element of notice. And that would have made it impossible to extract civil monetary penalties. Having sent the determination letter, though, the government has satisfied that element as a matter of law. So instead of Rihalana having a complete legal defense as to repeatedness in a future civil monetary penalty action, suddenly it's on the hook as a matter of law as long as the government succeeds on the merits. Now, as to willfulness, it's a slightly different issue. As to willfulness, what the government would need to show in a future civil monetary penalties action is two things. They'd need to show a violation, and they'd need to show the mental state, the mental state being willfulness, knowledge, recklessness. In general, in the mine run of cases pursuant to the Supreme Court's decision in Richland Shoe, willfulness, the mental state would be a matter of, a question of fact, and it is. But what the Department of Labor's regulations say, if you look at just the plain text, is that willfulness is resolved as a matter of law against the regulated party if the Department of Labor has sent some kind of warning and the regulated party has ignored it. And is it enough that the official who authored the determination letter is the director of the Arkansas Wage and Hour Division, a subordinate official? Does that affect at all the finality here? Because we're used to, you know, in a lot of cases having something that's definitive from the secretary. We don't have that here, do we? That's certainly true, Your Honor. A couple of points on that, though. One is that the government has never argued that the regional director of the Wage and Hour Division isn't a competent official with the authority to send this kind of notice. The second is that almost exactly the same kind of circumstance appeared in the Seventh Circuit's decision, Western Illinois Home Health Care, except that in that case it wasn't even the regional director. It was an assistant regional director. Western Illinois Home Health Care, as we explained in the briefing, an indistinguishable decision in the substantive respects. The letter in that case was identical. I might add parenthetically that if there's any issue about whether Western Illinois Home Health Care is rightly decided, it's resolved by the fact that it's cited as an example of final agency action in the leading treatise on federal standards of review, written, of course, by Judge Edwards. Given all of that... Well, we're not sure we're going to be able to regard that as persuasive. Judge Edwards might have to correct it in the next session. It's descriptive. It's not normative. What do you do? Think with me, if you would. What do you do with the rightness cases? Where, you know, toilet goods, Supreme Court said, this isn't the right moment for us to be worrying about this. In a situation like this, the government may or may not act later. We don't know whether they will. We don't know whether they can prove. And we can consider rightness now, I understand you've been focusing on finality. But is this even right for consideration at this point? With the understanding, of course, that the government hasn't raised rightness... And I know you're ready. Of course, Your Honor. And of course, with the understanding that if you're interested in rightness, we're happy to discuss it in supplemental briefing. Well, we'll just read that Edwards stuff you've already cited. Well, what the Supreme Court says in Abbott, Abbott, of course, is a rightness case. And Seba Gagee, this Court's decision, is a rightness case. What emerges from those decisions... What about toilet goods? Toilet goods, the facts of that case escape me at the moment. They're not toilet goods. Heavens. But what emerges from those cases is that when there's final agency action, the case is almost ipso facto right. The way the Court's analysis in Abbott Labs worked is basically it talked about the elements... No, that is not correct. I mean, if you had to win on that point, you're in trouble. Because you can have final agency action in a case not right for consideration. That's certainly true. That's absolutely true. So that can't be your argument. No, no, it isn't the argument. It's simply that it's extremely unusual for there to be a case where there's final agency action and where it isn't right. No, it's not unusual because if you need to adjudicate facts, you may have final agency action in the form of a rule, but the Court doesn't know how it's going to be applied in a particular situation. It's not going to be right for consideration. There's a ton of law. So isn't your answer here that we already know what the government thinks about this, and now you have to make a very bad decision? And that is the kind of thing that makes something right when a private party has to make a decision at the risk of penalties. Precisely right. And that's what the Supreme Court said in Abbott. That's what this Court said in National Automatic Laundry and Ciba Gagey. The situations where ripeness is an additional hurdle are cases where there's kind of additional crystallization of the agency's position or of the facts that's necessary before the case is really fit for judicial analysis. But in a case like this one where the agency has sent out a letter that addresses a particular business and its particular facts and reached a particular conclusion, there's no need for additional crystallization. All the facts are settled and the agency's position is settled. And just to be clear, Mr. Schwartz, the decision that you are appealing, the exact decision, there were several different letters here. We have the Darling Letter. We have the letter to the consignor volunteers themselves. There's a letter to Congressman Griffin. Is it just the Darling Letter? The agency action we contend is primarily the Darling Letter. As this Court's decision in Ciba Gagey contemplates, you can have final agency action that emerges from a combination of letters, in which case that would be the Darling Letter and also the letter to the consignor volunteers. What's your position? Just the Darling Letter? Our position is that all you need to review, all you actually need to review is the Darling Letter. The letter to the consignor volunteers emphasizes the coercive nature of what's going on because from the client's perspective, from Raylana's perspective, this is really just an effort by the agency to say, well, we aren't going to initiate an administrative or legal proceeding right now, but we're going to use a cat's paw, more or less, to do the same thing. But, of course, the Darling Letter cites the letter to the consignor volunteers, so all you really need in order to evaluate this for final agency action is the Darling Letter. And you've been complying with that since? We have not, actually. We've continued to work with our consignor volunteers exactly the way we have before. It's a fundamental aspect of the business model, and that heightens the fact that what we're being put in is precisely the situation that judicial review is supposed to remedy, a situation. You also highlight the fact you don't think they can prove it if they ever try a second time. Your Honor, we have our merits theories, obviously. We have our views about the fact that ultimately the consignor volunteers aren't employees. In our view, they're working on their own behalf. They're selling their own goods and keeping most of the profits. And Realana isn't employing them. What it's doing is it's providing kind of the space in terms of branding, organization, technology, software in order to make these private transactions possible in that sense. The government essentially conceded the first part of Bennett, right? Yes, the government has. That gave you a nice head start, didn't it? It did, Your Honor. We were pleased. But, I mean, it's fairly clear that, especially after Western Illinois Home Health Care, that the first part of Bennett is not. And in the absence of the regulations establishing consequences, notice-based consequences for repeatedness or willfulness, would you still be here arguing that there are legal consequences of this letter? In the absence of that, it would be much harder, at the very least, to say there are legal consequences. We would still have our argument that under that first part of Bennett, where you're being ordered to comply, we'd still have that argument. I recognize that the court is skeptical of that argument, but we would still be making that argument. If we didn't have the regulations, though, we'd have a very different case. And, in fact, cases where those regulations aren't involved involve a harder question about final agency action. For example, I see my time is expiring, but in the Fifth Circuit case, Taylor Coleman Callahan, or whichever the order is, in that case, that came out before these regulations appeared. So, in that case, there wasn't any legal effect that could have come from the government's regulation. If there weren't the regulation, we'd have to reverse a lot of our previous cases about advice letters. With the regulation, we have a way to distinguish it, isn't that right? This regulation makes it very clear, Your Honor, that there's a final. And makes it much more like second. Exactly. It makes it basically indistinguishable from the civil monetary penalties in Sackett, which were increased by the compliance letter there in almost exactly the same way. Okay. Any further questions? Okay. We'll hear from the government. May it please the Court. Sydney Foster for the government. Your Honors, if plaintiff's theory is correct as to what makes something final agency action, then if an employer were to contact the agency and ask for its opinion as to the legality of the employer's actions, and the agency were to respond, the letter by a low-level official like the one that's at issue here, with its opinion as to the lawfulness of the employer's actions, that letter would somehow all of a sudden become judicially reviewable under the APA. But that's short circuit. That's only if you retain a regulation like you have on its face here. This regulation says, for purpose of this section, an employer's conduct shall be deemed knowing if the employer has received advice from a responsible official of the wage and hour division. Now, your opposing counsel makes the point you never disputed that this is a responsible official. It's a little late for you to make that argument now. Right. And I'm not saying that this isn't a responsible official within the meaning of the regulation. I'm just saying it would be odd for someone that's at this level within the agency to be. Well, then why do you have a regulation that says it? It says shall be deemed knowing. That eliminates an element of the requirement, doesn't it? It does not, Your Honor. Why? Plaintiffs misunderstand how the willfulness inquiry works. In the event of a future civil penalty proceeding, the agency would need to show not only the violation but the willful nature of the violation. Plaintiffs misunderstand that regulation is doing, that that particular subsection is doing more than. They misunderstand the meaning of the word shall be deemed. Is that what you're saying? They are reading that. That is correct. They're not reading it within the context of the regulation as a whole. That subsection C2 needs to be read in context together with C1. C1 of the regulation provides that a violation is deemful for purposes of the section where the employer knew that its conduct was prohibited by the act or showed reckless disregard for the requirements of the act. We know from the regulatory history that the agency was intending to codify there the McLaughlin standard. So you mean that the government lied to this First Circuit in Bay State by taking the opposite position. In Bay State, they took the position that deemed means deemed. And the First Circuit said, no, it doesn't. Yeah, I don't actually think that the government did take that position in Bay State. And I think if you look at the decision, in fact, the court notes that neither party defended the regulations or even attacked the regulations. And I think if you look at the briefing in the case, you'll see that the government didn't just point to that regulation and say, case is over. There was a notification, case is over. Instead, if you look at the briefing, the government addressed the argument that was advanced there, that no, you know, despite the fact that we had notice, we were relying on advice of counsel. In response to that argument, the government didn't simply cite to this regulation and say, game over. The government said, you know, no, your reliance argument doesn't fly under the recklessness provisions. Why hasn't the government changed the language? In Bay State, footnote 16, the court urged the secretary to change the regulation. Why didn't they do that? The government, you know, obviously changing regulations is a major undertaking. The government thinks that its current understanding of the regulations, which, to be clear, is informed by the court's decision in Bay State, is still consistent with the regulations. And, you know, another portion of the regulations upon which the government relies for its interpretation is the last sentence of subsection C1, which notes that all of the facts and circumstances surrounding a given violation shall be taken into account in determining whether a violation was willful. Plaintiff's reading of the regulation just reads that sentence out altogether. Isn't that what the court in western Illinois did? In western Illinois, didn't the court say that was the end of it? It does appear that that's what the court said. I think one thing that's important to understand about that case is if you look at the briefing in that case, it does not appear that the parties engaged in any extensive analysis of the text of the regulation. So it appears that the party based its conclusions on it without the benefit of briefing. So wouldn't this reading have legal consequences in the Seventh Circuit at least? Wouldn't a notice in the Seventh Circuit have legal consequences? They would have to have an en banc to overturn their decision in that case. I think that may well be true, but we're here in the D.C. Circuit. You're talking about the willfully, which does seem to have this more totality of circumstances portion to it. But under repeatedly, we don't have that. For the civil penalty provision, it shall be deemed to be repeated where the employer has previously received notice through a responsible official of the wage and hour division or otherwise authoritatively. So that, it seems to me, gives you yet another hurdle you would have to say. And I understand. I think there are reasons why the Department of Labor has these regulations because they want it not to be super difficult to show that an intransigent employer was indeed intransigent. So on the merits, these are helpful regulations to you, but they do seem to create final agency action in a case like this, no? I think actually, Your Honor, that you actually kind of misread a little bit the regulation for the repeated violations. I think even plaintiffs concede that a violation is not deemed repeated merely based on the production of a letter like the one that's at issue here. I think the regulations say the violation shall be deemed repeated where the employer has previously violated the statute. And then there's a proviso saying as long as there was some kind of notice of some kind of prior violation. So presumably, your letter shows you think they violated it now, and that's why the letter puts them on notice. And then if they violate it again, which in an employment setting for the Fair Labor Standards Act, every paycheck, they violate it, no? It seems like the repeated would be pretty easy to establish, or what am I missing? The way that the agency actually interprets its repeated regulations and the way it applies them is actually that it won't, it basically requires that the two violations take place in two different investigation periods. So it's not going to impose civil penalties on an employer for a repeated violation based on the same violation on this day and tomorrow as well. And how long is an investigation period again? They're typically two years, I believe, is my understanding. But I just want- But what about the points that agree? What about the oppositions that appear to agree that you've got to prove the first violation? Really getting notice now is not proof that they violated it. That's exactly right, and that was the point I was trying to make. I mean, I think the parties would agree to all this, but you're not saying that. I think that's exactly right, and I think that's the important point with respect to the repeated violation argument. Plaintiffs argue that a future violation of the statute will be repeated as a matter of law in a future civil penalty proceeding, but it's simply not true because the agency must also prove that the prior violation actually took place and it has the burden to prove it from scratch without reliance on the letter. So the only function that a letter like this serves in the future civil penalty proceeding with respect to repeated violations is that it can be used to fulfill the notice requirement. We don't think that the legal consequences theory should embrace legal consequences that are narrowly defined as a legal consequence with respect to a single element like a notice element like that. If you use the words legal consequences, if the effect of something is to eliminate one of the two requirements you have to show, that seems like a pretty strong legal consequence. I think I want to give the answer. I also think that actually this Court doesn't need to address that question, so I want to address both of those. But the answer to your question is that that can't possibly be the theory, and part of why we know that. That theory basically would be that as long as agency action is some kind of but-for cause of liability down the road, then it's final agency action. But we know that that's not true. We know, for example, that when an agency files an administrative complaint, that's, of course, a but-for cause of any liability down the road. But you can challenge the complaint. That's the whole point. You can't challenge that. If it's the case that it deemed means what it seems on its face to mean, then you couldn't challenge an element. I mean, imagine if the law says if you kill somebody, you're guilty of murder regardless of your intent. Well, it has a legal consequence. The words regardless of intent have a legal consequence. They eliminate a normal element of the offense. You keep talking about all the facts and circumstances. What other facts and circumstances would be relevant here with respect to the knowledge question? Other facts would include facts such as that they sought out advice from counsel. We already know that, though. We already know they have advice from counsel because their counsel said that they're not liable for this. Right. So our point is that they would introduce evidence of that in the future enforcement proceeding, and then there would be a factual finding as to whether or not they knew that their actions were unlawful or it would also be relevant to whether they acted in reckless disregard of their legal obligations. Well, we already know they have a lawyer's view on this. What else is there? They have the notice and they have the lawyer's view. Now what? So is your view that they're free and clear now? They don't have knowledge because their lawyer said no, or there's something more to this? Well, that would be a factual determination for a future court. I'm not going to pine on whether or not that would amount to knowledge or not. The only point that this court needs to be worried about is whether or not the letter would be sufficient to establish knowledge, and it plainly is not necessarily dispositive as to knowledge. It's not dispositive, but without it, you wouldn't have an argument about their knowledge, would you? No, that's not correct. I think if you look at the case law that has built up around the kind of willfulness inquiries, you look at lots of different kinds of evidence. Like, for example, was the employer given some kind of other kind of information, maybe a handout about how the Fair Labor Standards Act works? Has the employer been part of litigation, some other litigation where it was held, to have violated the Fair Labor Standards Act? There's a whole range of types of evidence that could be used. But aren't there, if you combine, isn't it the case that with a willful violation, the statute of limitations is longer? It's three years instead of two years? That's correct. And so if you combine that with at least it should be that the plaintiff has pleaded, adequately pleaded a willful violation, if the plaintiff can plead that they received this letter, that they know that Raelan is on notice, and even though it's between two and three years, the case is timely, that case is not going to be thrown out on statute of limitations grounds. I do think further evidence could be submitted for purposes of determining statute of limitations issues. That's not something the plaintiff has argued at all. But it's a legal consequence that there's a case that can pass through 12b-6 because of this regulation that wouldn't otherwise be able to. It would be deemed to be time-barred. It seems like that right there, that's a legal consequence, no? I think that's only true if you're accepting the regulation to have the meaning that the plaintiff said. Not necessarily. I think that when you say that would be for the factual development, not at the pleading stage. I don't think that that can be enough, Your Honor, and that's not an argument that the plaintiffs have made here with respect to the willfulness to establish a legal consequence. Why not? I guess I don't see why there wouldn't be the possibility of an employer responding with some additional information as to willfulness about the actual evidence that's in play. And I think that that would... After discovery. I think that's possible. But I don't know that you can have a legal consequence simply because you're forced to go through one stage of the proceedings that you would not otherwise be forced to go through. Obviously, that would be somewhat inconsistent with the Supreme Court's holding in cases like FTC standard versus standard oil and the like. I want to get back to one other point regarding the repeated violation regulations. Earlier, I noted that even if you think that agency action can have legal consequences, but if you just focus narrowly on with respect to a particular element for proving liability down the road, even if you think that that theory is right, then we still don't have any legal consequences here. And that's really important to understand. And that's because of the facts of this case. For this determination that's at issue here, which is the agency's determination that Realana's consignors volunteers are employees covered by the Act, for that to have legal consequences with respect to the notice requirement in the civil penalty regulations, it would have to be the case that if the agency had never communicated its conclusions to Realana, so the paragraph about consignors volunteers was just omitted altogether, that Realana would be in some kind of different position with respect to the notice element of the civil penalty regulations. But that's just simply not the case. Even if the agency had never told Realana about its conclusions with consignors volunteers and instead had only told Realana about its conclusions regarding the distinct set of employees, 39 managers, at which the agency also concluded Realana was in violation with respect to those employees, then down the road in a civil penalty proceeding, that notice requirement would be fulfilled by the notice to Realana with respect to the 39 managers. Therefore, there's simply no legal consequences on the facts of this case to the agency action that's challenged here, which is the agency's determination regarding consignors volunteers. Why did you concede that this final action, the first part of the benefit? The government did concede that in the district court. We haven't conceded it in the Court of Appeals. We haven't addressed it in the Court of Appeals. Well, I mean, you're in a hopeless situation. That's the scenario, which is what I understood. You conceded it below. I don't know what you could say now. You conceded it, and you certainly haven't confessed it in here. I'm just curious. What is your thinking? Because there are cases that you could have argued that this is merely interlocutory, and we would never get in the middle of it. I was utterly perplexed at how you would mitigate this, and it certainly undercuts a lot of the rest of your case. Your Honor, it is our considered view that the first element is not satisfied. The consummation element is not satisfied. We haven't pressed it because of the very reason that you identified it was something that we conceded in the district court. But we do think that it would be very odd, beyond strange, for a letter like this that's issued by an intermediate-level official who has no authority. But you haven't argued that. You haven't preserved that argument. I agree, and so I'm not pressing it. Of course, this Court has the discretion to consider any arguments that were waived. That's a real thin read. I just wondered why the concession was made below. Right. And all I can say is that our considered view certainly is that this was not the consummation of an agency decision-making process, and we haven't pressed it for the reasons that you identified, but this Court certainly could decide the case on those. Why wouldn't it be if we were to consider that? What would you point to? Well, if you look at the statutory and regulatory provisions that govern how the agency goes about making decisions, final decisions that are authoritative and have legal effect, the way the agency does that is that it first starts by doing investigations, but it then makes decisions having legal effect only by pursuing either civil action in district court against an employer or by pursuing administrative remedies before an ALJ for civil penalties and so forth. That's how the agency consummates its decision-making process with respect to whether an individual employer is violating the law. And it would be very odd for this Court to hold that a decision like the one issued by an agency decision-maker who has no authority to bind the agency as a whole is somehow subject to judicial review. Well, that again depends. The agency has authority to issue regulations. If we read the regulation the way the Seventh Circuit reads it, then that official does have the authority to bind the agency in the sense of giving notice. If we read deem to be the advice from a responsible official, then the agency has announced that is the end on the question of knowledge, right? I don't think that's – that's not the way the agency reads its regulations. When is it read it the other way? Can you point us to something where it's read it the other way, the way you're reading it now? Just to be clear, what I'm saying, and I think maybe I'm not being clear, what I'm saying is that the agency notice that issue here certainly satisfy – would satisfy the notice requirement within the meaning of the regulation. This is a responsible official within the meaning of that. No, I understand. The question is the meaning of deemed, right? And you're taking the position that deemed doesn't mean what you're – that you're subject to it. It means that it's one piece of evidence. That's your position, right? That's correct. When you read it with – together with subsection C1. And where has the agency said that before the briefs today, or in this case? Your Honor, I don't think the agency has explicitly spelled it out to the degree that we have here, and that's simply just because the issue hasn't – doesn't come up very often. Well, it came up in the Seventh Circuit. It came up in the First Circuit. You know, it came up very briefly in the – in the Second Circuit. If you look at the Seventh Circuit briefs, I think you'll see that this issue was actually not teed up at all. And, in fact, if you look at the Seventh Circuit briefs, I think you'll see that the government there said that a letter like this would be used as one piece of evidence in future civil penalty proceedings. It actually didn't say anything more beyond that. It certainly didn't say anything consistent with the theory that plaintiffs are espousing. If you look at the Bay State briefs, again, it's – the government certainly wasn't espousing. But in all the time since then, it was 1998, 1997, 1998, the agency has not expressed a view on this question. Is that what you're saying? That's right. I think the – well, the – there may be, you know, there are a lot of different administrative proceedings and so forth, and I haven't read all the briefs in all of the cases. But to my knowledge, the agency hasn't expressed, you know, a definitive view kind of one way or the other. And is there an ALJ decision that's said that just one piece of evidence is not everything or anything like that? Yeah, I'm not aware of any ALJ or administrative review board decisions that have addressed that. But, again, the issue just simply doesn't really come up a huge amount. So you're looking for our deference here? You can come into litigation and promulgate this interpretation, and we should defer to it. We do think our deference would be appropriate. We think our interpretation is not inconsistent with the regulation and is also not plainly erroneous. And not presented just for the purpose of the litigation and your longtime or at least sometime view. It includes all those things to get our deference. That's correct. Those are also factors. I'd just like to emphasize the plaintiffs haven't been able to point to a place where we've taken the opposite position, at least certainly since Bay State. And the agency's current view of the willfulness regulations is certainly informed by the First Circuit's decision in Bay State and the idea that it needs to ensure that it's reading its regulations consistent with the Supreme Court standards in McLaughlin. So what did the letter mean, which says if at any time in the future your firm is found to have violated the monetary provisions of the FLSA, it will be subject to such penalties, that is, willful violations penalties? I think all that that was trying to communicate was that if there were a future violation, that those civil penalty provisions would govern. They would be the ones that would be applicable. That's what you think will be subject to? I do think that those are synonymous. It's kind of a scary way to say that. I'm sorry, what's that? It's kind of a scary way to say that. If you say, well, you know, if you do this in the future, you can make an argument about it. We're going to make an argument about it. We're going to take the position. That's one thing. If you say you will be subject to these penalties. I think it's important to understand what the purpose of that paragraph is. The purpose is to ensure that folks are on notice that they could be on the hook down the road. Or that they are on the hook. That is the question. To be or not to be. I do think it's a plaintiff's reading of that paragraph is over reading it. And I don't think that it will be subject to means that you will necessarily be bound to be. This is Judge Wood's reading of it also. And although it's only in dictum, it's the 11th Circuit reading of it also. I actually don't think the 11th Circuit, I think the 11th Circuit simply repeated the language of the regulation and certainly had no occasion to evaluate it since there was no agency letter that was at issue in there. And, again, the 7th Circuit, you're correct. It appears that the 7th Circuit read what you're reading into that language. But I just simply don't respectfully disagree that that's the best way to read that language. And, again, that issue simply was not one that was briefed in the 7th Circuit. What if it didn't mean what I'm hypothetically suggesting that it says? What if it means that's the end of the notice question? Government still takes the position that it's not final agency action? If that language means that they will definitely be found to be repeated, I think that's a much more difficult question, and potentially that could be final agency action, although we wouldn't concede that that's so. I mean, I think, too, one thing to keep in mind when we're comparing this case to the Sackett case is that the way the civil penalties operated in Sackett was that there was one civil penalty that the plaintiffs in Sackett could be on the hook for for a violation of the statute, and then on top of that, if the government were able to prove a violation of the compliance order, i.e., the agency action at issue there, then the plaintiffs would be on the hook for a second civil penalty. So there was a very direct kind of causation between the compliance order and this increased amount of penalty. We simply don't have anything quite like that here. We certainly don't have any statutory or regulatory provision providing for civil penalties for a violation of a letter like the one that's at issue here. We only have civil penalties for repeated and willful violations of the statute, but before the agency can impose those kinds of penalties, it needs to prove up both a violation and a prior violation for the repeated penalties, and then at that point it would then be required to do the notice element as well, which, as I said, can be satisfied by the notice regarding the managers. And then for the willful civil penalty, the agency would need to prove both the violation and also the willful nature of the violation. And again, the letter could only be used as one piece of evidence in that kind of penalty proceeding. So we have something here that's quite different from the type of kind of legal consequence that was at issue in SACET. Well, the first part goes to the point that the original order decides a violation with respect to the first violation, right? I'm sorry, could you repeat that? Well, there's two issues there. What you say is in this case they would be able to prove that the first order wasn't a violation. In SACET they wouldn't because there was an actual order that bound them to do something right away. Here there is no order that binds them to do anything right away. That's correct. But the court seems to distinguish those as two different issues, one having to do with legal consequences and the other having to do with rights. That's correct. And the court doesn't say both are required to be final. That's correct. And my point simply with respect to SACET and in particular its legal consequences analysis is that the legal consequences that flowed from the compliance order there were much more significant and direct than any what you could call legal consequences that flowed from the letter here. Well, there they flowed only from the litigating position of the government. And here, on the theory I'm suggesting, they flow from a regulation published by the agency. That seems different than just a litigating position. Well, in SACET the court assumed the government's litigating position because that litigating position was actually cut against the government's final agency action argument. And that's why the court was assuming the government's litigating position there. Here, of course, the government's litigating position actually cuts in favor of our argument. We're not suggesting that you should therefore buy it and proceed as was done in SACET. And this court needs to decide whether or not the government's position regarding the interpretations of the regulations is correct because if our interpretation is correct, we simply don't think that there is final agency action here. I'd also just like to note an odd consequence that would flow from this court's holding that there's final agency action here, particularly if it holds that the final agency action flows from the fact that a letter like this could be used in a dispositive sense to establish the notice element of the repeated violation for civil penalty proceedings. The odd consequence is that agencies would then, in response to such a holding, have the incentive or potentially want to simply remove such notice requirements altogether from their regulations. I could just define the meaning of deemed to be the one you're telling us today. They wouldn't have to do anything else. Right.  And that's where the deemed language comes in. So that is correct. If this court thought that the regulation meant not what the agency says, then potentially the agency could revise that regulation. But I think that the odd consequence of holding that there are legal consequences for the repeated- I'm sorry. The deemed is also in the repeated violation section. That's correct, although I don't think there's any dispute sort of there among the court. I don't think that language is doing any work for the parties in terms of what's at dispute here. What do you think deemed means in B? In the repeated? Yeah, repeated violations. An employer's violation shall be deemed to be repeated where the employer has previously violated and the employer has previously received notice. Right. I think the regulation is trying to explain what the definition of repeated will be for purposes of that section. And that's what the work that's deemed is doing there. And what is the work of the notice in that? I'm sorry, what's that? What's the effect of the notice? Is that final as to the question of notice that they got this? You mean would the letter here be used, you mean? Yeah, yeah. So I do think that the letter here could be used to establish that, and it would be dispositive as to that. As I said, though, even if we didn't have the agency action that plaintiffs are complaining about here, we only, and therefore the whole paragraph about consignors, volunteers were struck from the letter, then we would still have a letter where plaintiffs were notified that they were in violation of the law with respect to this other group of employees, these 39 managers, and therefore that notice requirement would independently be satisfied. That's a different question. That's not what we do in this case. But if I'm trying to read the regulation altogether, you're telling me that the word deemed actually removes the element of notice. I'm not saying that. In the repeated violations section. Right, I'm not saying that, so I apologize if that's what Your Honor thought that I was saying. We acknowledge that the notice requirement is one of the three elements that must be proven for a repeated violation civil penalty to be proven. It has two violations plus the notice. And it's the notice, but is the notice the end of it? Even if it's wrong, is the notice sufficient that there was notice? The notice is sufficient as to the notice element, regardless of whether it's wrong. It's not sufficient as to whether or not there was a violation in the prior paragraph. So you're telling me that for purposes of B, deemed means that it is sufficient, but for purposes of C, deemed means something else. I don't think that the – I understand Your Honor's question, but I don't think that they're inconsistent in that I think that we have kind of directives in subsection C that are a little bit at war with one another, and therefore we need to read them together. We have in subsection C1 that we know that the standard is knowledge or reckless disregard, and we know that that was meant to codify the McLaughlin standard. We also know from C1 that all the facts and circumstances have to be considered in evaluating willfulness. So then when we're looking at C2 and the statement that the receipt of the letter will be deemed knowledge, that has to be read together with subsection C1. Well, one easy way to read it together is generally when you're proving willfulness, it's totality of the relevant circumstances, and then C2 has a codification. But if there's a letter, the totality – you don't need to have the totality of the circumstances because you've got it. You, the plaintiff, have evidence that is at least presumptive as to willfulness. Yeah, I think that is – That seems to be the most obvious reading of that. I think actually that reading, though, is contradicted if you look at the regulatory history, because if you actually look at the regulatory history, the proposed regulation with respect to the willfulness regulation had something that was kind of an explicit version of what you just suggested. It said all the facts and circumstances will be considered except for, you know, what is now in subsection C2 and C3 apply. When the agency, though, promulgated the final regulations, it took out that language about except for, and indeed it noted that it was making some changes to the regulations in response to concerns that they were not consistent with the McLaughlin v. Richland-Schuh standard. So I think on the kind of – with the particular regulation at issue here, I think that's simply not a reasonable reading of the statute – sorry, of the regulation. I'd just like to note one additional thing, again, about the argument that somehow we have final agency action here because this notice would be dispositive as to the notice element of the regulation. I think the consequence of a holding to that effect is that the agency in this case and agencies in other cases where there are notice elements that play a very minor role in some kind of liability would then be very hesitant to include such notice requirements. Indeed, the agency could respond to a holding like that from this court by simply removing the notice element from the regulation altogether, and that would be very odd. At that point, employers would be in a far worse position than they are now. They would not get judicial review of notice from the agency of letters like this from the agency, and then they would be on the hook for repeated violations of the statute in a civil penalty proceeding based solely on a violation and a prior violation of the statute, and they wouldn't have the protection that is now afforded to them by the notice element of the regulation. It's a very odd result and certainly suggests that this is not final agency action in this case. The court has no further questions? The court has no further questions. I've been asked to affirm. Thank you. Your Honor, just a couple of things. Before you do, could you respond to the last argument made by opposing counsel? Absolutely. If I understood her correctly, the idea was that this would remove the incentive for agencies to have this notice provision, and the result is that regulated parties would be worse off. Right. In that circumstance, the notice provision is not the only protection in that regard. There are also due process protections, and there are – I'm not following. So imagine you wanted to know before you did something whether what you're doing violated the law, and you said – and they have a advice section which will provide advice, and you ask them is this a violation of the law, and they say yes. Well, this Court has a number of cases that involve opinion letters, and what emerges from these cases is more or less that you address them kind of case by case. You can have opinion letters that are basically abstract and tentative and full of a whole lot of hedging language by the agencies, in which case they're simply an agency's initial position. They don't have binding effect, and they don't have legal consequence. On the other hand, you have cases like National Automatic Laundry, where the agency – in fact, the Department of Labor issued an opinion letter that addressed the particular business model of a particular industry and said that everybody was in violation of the Fair Labor Standards Act. So it depends on the kind of notice letter that comes out. Well, don't you want, if you're a company, to get a clear notice letter as you can so that if they say it's okay, you're okay? It doesn't do you much good to get a well, we'll give you a general answer, but you can't count on it in any way sort of answer. You do want an opinion letter, but again, this Court's cases are capacious enough to distinguish between opinion letters that have legal consequences and those that don't. As for the government's point that the result would be that repeated violators wouldn't have any notice, as I was saying, there are principles of fair notice and due process that protect individuals and regulated parties from being subject to penalties for repeat offenses without any kind of notice. I can continue talking, but... Well, you certainly don't have to. If you want to say, please. I'll finish the two points that I wanted to raise on rebuttal. Second point as to willfulness. The government's argument as to, second point as to the regulations having to do with willfulness, the government's argument is essentially that the regulations don't mean what they say and opposing counsel insists that this is the agency's position. That's patently absurd, Your Honor. It's been 15 years between the Seventh Circuit's and First Circuit's decisions in 1998 and the 2013 determination letter here. The regulations never changed during that whole period. And in fact, to this very day, the Field Operations Handbook of the Department of Labor, Section 352FB, I think, we cited it in our briefs on another proposition. It continues to repeat the willfulness standard verbatim. The notion that this is the considered position of the Department of Justice rather than of the Department of Labor rather than a litigating position by the Department of Justice trying to get its client out of court just doesn't make sense.  The Department of Labor's Wage and Hour Division has a Field Operations Handbook that we cited in our briefing that discusses the standards for investigations. And in a section of that Field Operations Handbook, which we cite in our briefing, it discusses the standards for willfulness. And it repeats the standard of the regulation, Section 5783C, word for word or virtually verbatim. The notion that the Department of Labor actually doesn't think that its regulations mean what it says is belied by the agency's own internal documents setting out its own internal interpretation of those regulations. I take it it hasn't interpreted them. It just repeats them, you said. It repeats them. It doesn't adopt the narrowing construction that the Department of Justice is trying to persuade the court to adopt in this case. Would you be making the same argument or would you be making an argument challenging the agency if they did not have the regulation as such? But wait a minute, they had a policy statement saying, in these kinds of situations, and they list a number, your clients, situation being one, they say, in our view, this kind of situation, it's covered by the Act. As in, if they, instead of sending a determination letter, they just sent out a policy statement? They didn't send it out, they just posted it. And they make it very clear, this is a policy statement, we're not looking at anybody in particular, but this is our thinking. We would argue in that case, potentially, that this is a case with coercive effect. But then again, you're exactly right, though, that that kind of case would be a much harder argument. That case would start to look more like cases like Center for Auto Safety or National Association of Home Builders, cases where an agency really does put out kind of abstract guidance. It's not hypothetical. It's a policy statement that thinks about a number of scenarios and the agency says, we think our view in this kind of case would be that the law covers it. We're not adjudicating anything. And I certainly agree, Your Honor, that that would be a much harder case. Wouldn't you tell your client, we can't sue now? I'm not sure I throw up the white flag immediately, Your Honor, but I'd certainly counsel them that it would be a harder case. It's an eliminating policy statement. If you're going as far as you're going, it makes no sense to me, because an agency's got to give a regulated community some kind of notice. And we send policy notice, the agency says, this is what we're thinking about. It doesn't mean we'll win if we rest an action on this ground, but we want you to know this is what we're thinking and we might. On the other hand, Your Honor, as I said, it would be a harder case. But then there are cases like Barrett Gold Strike Mines, where you have an ostensibly non-binding guidance from an agency, where the court, where this court, determines that the ostensibly non-binding material has actually has binding effect. So I wouldn't say that the case would be entirely over in that regard, because there are cases, this Court's cases, where an ostensibly non-binding You might describe them as inconsistent with each other? Your Honor, I don't consider them inconsistent. I think that the, I think that, I mean, we can talk about cases individually. They're all pre-Sackett's. So Sackett must make some difference, doesn't it? Sackett, in our view, is consistent with, is basically consistent with them. I mean, the cases can be hard to work through. Sackett is not a policy statement case. No, Sackett is not a policy statement case. It's directed action at a regulated party. That's, you know, I understand your argument. Yes, that's certainly right. A policy statement is not a directed action at a particular regulated party, but it certainly would affect certain regulated parties. Thank you. All I mean to say, Your Honor, is that this Court's cases involving non-binding agency documents, I think they're internally reconcilable. I don't think, I think the district court was mistaken in believing that there is an inconsistency between this Court's cases in Sackett or between, or within this Court's cases internally. We can talk about the ins and outs of any given case, but it seems to me that the cases where this Court finds no final agency action typically involve cases where there is, say, a hypothetical agency guidance that talks about facts in abstract terms and doesn't have any legal effect. In contrast, cases that, where there is final agency action that's, that's reviewable, this Court, this Court says, okay, as a matter kind of in practical effect, like in, like in GE or in, in Barrett Goldstrike, in practical effect, they're, they're coercive in binding or have, have, have legal effect. I wouldn't, I wouldn't throw up your, I wouldn't throw up one's hands and, and say that there is, there's internal inconsistency. But if you do, at the very least, then you would want to recognize that the, that the Supreme Court's decision in Sackett sweeps it all aside and resets the playing field. Do you have any further questions? We'll take the matter under submission. Thank you both. Thank you, Your Honor. We'll take a brief recess.
judges: Garland, Pillard, Edwards